State vs. Baker.

No. 10,877.

THE STATE OF LOUISIANA VS. PHILIP BAKER.

The only error assigned on this record relates to the ruling of the judge in permitting the State, on cross-examination of the accused as a witness, to ask a question objected to on the ground that the matter thereof was not referred to in the direct examination. The statement of the judge negatives the ground of objection by showing that the matter of the question was directly and closely connected with matters testified about on the examination in chief. The rule restraining the State on cross-examination never went further than to exclude questions on matters not connected with those referred to on the direct examination.

APPEAL from the Criminal District Court for the Parish of Orleans. Baker, J.

W. H. Rogers, Attorney General, C. H. Luzenberg, District Attorney, and James C. Walker, for the State, Appellee.

Lionel Adams for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The only complaint brought to our notice by this record arises under a bill of exceptions taken to the ruling of the court in permitting a question propounded to the accused on his cross-examination by the State, which was objected to on the ground that the question related to matter about which he had not been asked and had not testified in his direct examination.

The statement of the judge, appended to the bill, clearly shows that the question related to a subject closely connected with the matters testified about in the direct examination, and this is sufficient. State vs. Paynier, 36 An. 573; State vs Stuart, 35 An. 1015.

The rule never went further than to restrain the State from cross-examining defendant's witnesses on matters not connected with

matters stated on the examination in chief. 1 Greenleaf Ev., p. 521, No. 445; State vs. Swayze, 30 An. 1323; State vs. Thomas, 32 An. 349; State vs. Willingham, 33 An. 538.

The case here is entirely without the inhibition.

Judgment affirmed.